# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51035
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO MARQUEZ-CALZADILLA, also known as Gilberto Marquez Calzadillo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1258-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gilberto Marquez-Calzadilla (Marquez) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. Marquez argues that his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He maintains that his within-guidelines range sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not be considered presumptively reasonable because the Guideline under which he was sentenced, U.S.S.G. § 2L1.2, is not empirically based, but he acknowledges that this argument is foreclosed.  He asserts that his guidelines range was greater than necessary because § 2L1.2 double counted his prior convictions and because his offense was a mere trespass.  He contends that the sentence failed to account for his personal history and characteristics because it did not reflect his strong ties to the United States and the threats to him in Mexico.

In the district court, Marquez did not object to the substantive reasonableness of the sentence.  Marquez argues that such an objection is not required to preserve the substantive reasonableness of a sentence for review, but he acknowledges that this argument is foreclosed by circuit precedent and raises the issue to preserve it for further review.  As Marquez did not object in the district court, we review the substantive reasonableness of the sentence for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Under the plain error standard, Marquez must show a clear or obvious forfeited error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Marquez makes such a showing, we have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*

"[A] sentence within a properly calculated Guideline range is presumptively reasonable."  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  As Marquez concedes, his argument that his within-guidelines range sentence should not be considered presumptively reasonable because § 2L1.2 is not empirically based is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

No. 13-51035

The district court considered Marquez's request for lenience, and it determined that a sentence within the guidelines range was appropriate. The international trespass and the double counting of prior convictions arguments that Marquez raises have both been previously raised in this court without success. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *Duarte*, 569 F.3d at 529-31. As Marquez was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Marquez has not shown sufficient reason for us to disturb that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Considering the totality of the circumstances, as we must, *see Gall v. United States*, 552 U.S. 38, 51 (2007), Marquez has not shown that the sentence was unreasonable, much less plainly erroneous. *See Rita v. United States*, 551 U.S. 338, 359-60 (2007); *Peltier*, 505 F.3d at 392-94.

AFFIRMED.